UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States

    v.                                         Criminal No. 09-cr-095-01-SM

Ramie Marston


**O R D E R**

On May 4, 2011, defendant appeared for a preliminary hearing under Fed. R. Crim. P. 32.1 on five alleged violations of conditions of supervision, as charged in the government's superseding petition dated May 3, 2011 (doc. no. 57)[1].  Defendant is on release from her convictions in 2009 for Access Device Fraud, Fraud in Connection with Identification Documents, and False Representation of Social Security Number.

The government alleges that, while on supervised release, defendant has engaged in conduct constituting at least three new fraud crimes (wire fraud; aggravated identity theft; and conspiracy to commit access device fraud), and other violations of her terms of supervision.  After a hearing, at which four witnesses testified for the government, this court issued a detailed order orally from the bench finding that the

---

[1] On this same date, defendant appeared for a bail revocation hearing in case no. 10-cr-163-PB.  The matters were consolidated for the preliminary hearing.  At the same time that the court ruled from the bench on the instant supervised release violation, the court granted the government's request to revoke bail in 10-cr-163-PB.  A written order summarizing the bail revocation is issued separately on today's date.

government's evidence established probable cause that defendant violated the conditions as charged in the petition.

Defendant sought bail conditions under Rule 32.1(a)(6). The government sought detention.  Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that she will not flee and that she poses no danger to any other person or to the community.  Based on the evidence presented at today's hearing, and for the reasons stated on the record, defendant has failed to meet her burden of persuading the court that she will not flee and poses no danger to any other person or to the community.

The court stated on the record its reasons for detaining defendant and will not repeat those here.  In short, the government's evidence at the preliminary hearing established rather convincingly that there was probable cause that, while on supervised release, the defendant committed at least three new fraud related crimes, and violated other conditions of her supervision, including that she not use the internet or open new lines of credit.  The evidence showed that defendant boasted about being able to violate terms of supervision without detection by "the feds."

For all the reasons stated on the record, and based on the evidence presented during the preliminary hearing, the court

finds that defendant did not meet her burden to show by clear and convincing evidence that she is neither a danger to the community nor a flight risk. Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: May 5, 2011

cc: Bjorn Lange, Esq.
    Alfred J.T. Rubega, Esq.
    U.S. Marshal
    U.S. Probation